UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOANN ARGYRIS,<br><br>Defendant. | Case No. 2:15-cr-0047-KJD-NJK<br><br>**ORDER** |

Before the Court is defendant Joann Argyris's Motion to Extend Time to File Notice of Appeal (ECF No. 135). Argyris filed the motion in response to the Ninth Circuit's limited remand to determine whether excusable neglect or good faith warrants extending the deadline to appeal under Federal Rule of Appellate Procedure 4(b)(4). The Court has reviewed Argyris's motion and determines that there is good cause to extend the deadline to file her appeal. Accordingly, Argyris may file a renewed notice of appeal on or before Friday, June 5, 2020.

**I.   Background**

Joann Argyris pleaded guilty to one count of mail fraud on July 3, 2018. Plea Agreement, ECF No. 79. The fraud involved the arson of a gas station that Argyris co-owned with her son, Peter. Though Argyris did not concoct the scheme, she deliberately avoided learning the truth of Peter's fraud and shared in the insurance proceeds. Id. at ¶ 11. In all, Argyris's insurer paid out $1,378,770—the replacement cost of the gas station plus the loss of business income. Id. at ¶ 7. The Court sentenced Argyris to five years of probation and imposed $1,323,986.30 in restitution. Am. Judgment 2, 5, ECF No. 113. Argyris did not appeal.

In October of 2019, Argyris moved to vacate the amended judgment. She argued that the Court erred when it imposed as restitution the entire amount of Colorado Casualty's loss and that her assets were beyond the government's reach while deposited in a spendthrift trust. Mot. to

1 Vacate, ECF No. 119. The Court rejected Argyris's arguments, finding that its restitution order
2 was proper, and that Nevada law could not insulate a spendthrift trust from federal debt
3 collection. The Court entered its order April 22, 2020. Argyris appealed the order on May 19,
4 2020, which was outside the fourteen-day window to notice her appeal under FRAP 4(b)(1)(A).
5 On May 20, 2020, the Ninth Circuit remanded the case for the limited purpose of notifying
6 Argyris that her appeal was late and giving her an opportunity to request an extension of time to
7 refile a notice of appeal. Order of USCA, ECF No. 132. Argyris has since filed her motion to
8 extend time, and the Court now turns to its merits.

## II.  Discussion

The deadline to appeal a final order is "mandatory and jurisdictional." Browder v. Dir., Dept. of Corr. of Illinois, 434 U.S. 257, 264 (1978). Thus, the failure to timely appeal deprives the appellate court of jurisdiction. This is consistent with the interest of finality in judgment and "set[s] a definite point of time when litigation shall be at an end." Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415 (1943). Unlike civil appeals, which provide an appellant thirty days to notice their appeal, criminal defendants have only fourteen days to file their notice of appeal. See Fed. R. App. P. 4(b)(1)(A). Where a defendant files a notice of appeal outside the fourteen-day window but fewer than thirty-days late, the Court may extend the deadline "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule." Fed. R. App. P. 4(b)(4). In short, as long as the appellant can show good cause or excusable neglect, the Court may extend the deadline up to thirty days from the original deadline. Id. Here, that date would be June 5, 2020.

Excusable neglect is a "somewhat elastic" concept that may encompass delays ranging from controllable neglect to uncontrollable acts of God. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 387–88 (1993). Importantly, excusable neglect is not limited to situations where outside forces prevent the filer from meeting a deadline. Id. at 391. The term "neglect" evinces a carelessness towards the deadline that is entirely within the control of the filing party. Id. at 388. The question, then, is whether that carelessness is excusable. Four guideposts lead the Court's analysis of whether a movant's delay is excusable: (1) the danger of

prejudice to the opposing party; (2) the length of the delay; (3) the reason for the delay and the extent to which the delay was within the movant's control; and (4) whether the movant acted in good faith. Id. at 395.

Argyris does not dispute that her notice of appeal was filed late. She asks the Court to excuse the late filing because her attorney's recent health struggles and the business interruptions caused by the COVID-19 shutdown interfered with counsel's ability to timely appeal the Court's earlier order. The Court finds that Argyris's delay was excusable because the danger of prejudice to the government is low, the delay was minimal, the reasons for the delay were reasonable, and because the delay was not in bad faith.

*Prejudice to the Government*

The Court first evaluates the extent of prejudice the government would face if the Court extended Argyris's deadline to appeal. If the Court declines to extend Argyris's appeal window, the government would be spared the time and resources defending the appeal. The government would undoubtedly prefer not to defend this appeal and enjoy the finality of the judgment in this case. However, forcing a party to litigate the merits of a case is not prejudicial on its own. See TCI Grp. Life. Ins. Plan v. Knoebber, 244 F.3d 691, 697–98 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff, 532 U.S. 141 (2001). Though Knoebber dealt with excusable neglect in the default context, its reasoning is persuasive. The Court does not consider the delayed resolution of case to be prejudicial to either party because they were prepared to litigate their case from the beginning. FOC Fin. Ltd. P'ship v. Nat'l City Comm. Capital Corp., 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009). That is the case here. Had Argyris filed her notice of appeal two weeks earlier, the government would have defended that appeal. Because the government would have defended the appeal anyway, it will not suffer prejudice if Argyris receives an extension of time to refile that appeal.

*The Length of Argyris's Delay*

Likewise, the minimal delay in this case does not prevent the Court from extending Argyris's deadline. The original deadline to appeal was May 6, 2020. Argyris filed her notice of appeal on May 19, 2020. If the Court extends the deadline, she will have until June 5, 2020, at

the latest to refile. At most, Argyris's delay will encompass about one month. Such a delay is unlikely to adversely affect the parties' impending appeal. Therefore, the short delay here supports an extension.

*Delay was Out of Argyris's Control*

Next is whether the reasons for Argyris's delay were within her control. Argyris's counsel accepts full responsibility for missing the deadline and admits that Argyris could not have controlled whether he filed the notice of appeal timely. Counsel explains that his own recent health struggles and the COVID-19-induced business interruptions substantially interfered with his access to case files and work product. Specifically, counsel has suffered from cardiac and epileptic episodes that have limited his ability to work. D's Motion to Extend Time 3, ECF No. 135. Making matters worse, counsel has been unable to reliably access his office as it has been "on lockdown." Id. Counsel's cardiac and epileptic episodes are serious health challenges absent the current COVID-19 pandemic and are especially serious given that preexisting health conditions make some more susceptible to contracting the virus. Counsel's health concerns reasonably explain his delay in filing Argyris's notice of appeal, and the Court agrees that the delay was not in Argyris's control.[1] Therefore, the reasons for delay support granting the extension of time.

*Argyris Did Not Act in Bad Faith*

Finally, there is no evidence that Argyris failed to file her appeal in bad faith. The late filing does not seem to be for the purpose of delaying appeal or to prejudice the government. Counsel's frank acceptance of responsibility for the error and prompt action to request an extension of time further supports that he has not acted in bad faith. Therefore, Argyris has met each of the four Pioneer prongs, and she warrants an extension of time to refile her notice of appeal in this case.

---

[1] The Court notes, however, that the COVID-19 shutdowns have affected the entire legal landscape. Thousands of attorneys in Southern Nevada are practicing remotely and are unable to work on-site. That alone is not reason to extend a filing deadline. This is especially so here, considering that a notice of appeal requires little substantive effort.

**III.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant Joann Argyris's Motion to Extend Time to File Notice of Appeal (ECF No. 135) is **GRANTED**. Argyris shall file her notice of appeal on or before June 5, 2020.

The Clerk of the Court is directed to serve this order on Argyris's counsel, Harold P. Gewerter, Esq., at 1212 S. Casino Center Boulevard, Las Vegas, NV 89104.

The Clerk is further directed to provide a copy of this order to the Ninth Circuit Court of Appeals at cmecf_ca9central@ca9.uscourts.gov.

Dated this 29th day of May, 2020.

_____
Kent J. Dawson
United States District Judge